# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**ARTHUR WEST**,

        Plaintiff,

v.

**JOHN ROBERTS, et al.**,

        Defendants.

Civil Action No. 10-cv-666 (RLW)

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's *pro se* Complaint, Motion for extension of time for service of process (Docket No. 3), and Motion for costs of service of process on defendants Suter, Roberts and Kennedy (Docket No. 4). The Court dismisses Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(h)(3) and denies Plaintiff's pending motions as moot.

## FACTUAL SUMMARY

Plaintiff is a resident of the state of Washington. He sues two sitting justices of the United States Supreme Court (Roberts and Kennedy), clerks of the Supreme Court (Suter and Atkins), a United States District Judge and clerk for the Western District of Washington (Settle and Rifkin), the current Washington Secretary of State (Reed), and the current Washington Attorney General (McKenna). The Complaint arises out of Plaintiff's failed attempts in other courts to intervene in a case about and obtain documents relating to a Washington state referendum. In fact, as best as this Court can discern, Plaintiff's allegations wholly relate to Defendants' acts related to cases in other courts. In short, Plaintiff alleges that the judicial defendants (Roberts, Kennedy, Settle, Suter, Atkins and Rifkin): 1) rendered erroneous decisions; 2) denied him the right to file certain pleadings; or 3) denied him the right to intervene in certain cases where he was otherwise not a party. Plaintiff alleges that the Washington state

officials (Reed and McKenna): 1) failed to assert defenses that Plaintiff thinks they should have asserted in a case in which Plaintiff was not a party; and 2) denied him the right to inspect certain documents in the state's possession relating to the referendum. Plaintiff alleges that Defendants' conduct violated his constitutional rights, that Defendants discriminated against him due to his membership in a suspect class (a class that he fails to specify), and that Defendants violated the Americans with Disabilities Act (despite the fact that he fails to allege the nature of his disability).

## **ANALYSIS**

Despite the favorable inferences a plaintiff receives on a motion to dismiss, in resolving a question of subject matter jurisdiction, "it is to be presumed that a cause lies outside the federal court's limited jurisdiction unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction." *Ramer v. United States*, 620 F.Supp.2d 90, 95-6 (D.D.C. 2009) (internal citations and quotation marks omitted). Moreover, "[w]hile the complaint is to be construed liberally, the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiffs' legal conclusions." *See Speelman v. United States*, 461 F.Supp.2d 71, 73 (D.D.C. 2006). Although a *pro se* Plaintiff's complaint is held to a less stringent standard than formal pleadings drafted by lawyers, this does not give a *pro se* plaintiff license to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert. *See Redwood v. Council of the District of Columbia*, 679 F.2d 931, 933 (D.C. Cir. 1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987). Thus, although *pro se* complaints are held to a less stringent standard, "even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction."

*Curran v. Holder*, 626 F.Supp.2d 30, 33 (D.D.C. 2009) (internal quotation marks and citations omitted).

Although Plaintiff claims to sue all officials in their official and personal capacities, Plaintiff has only alleged facts relating to acts that Defendants have performed in the course of their official duties as judges, judicial officers or state officials. Plaintiff has failed to allege facts to support a finding that any of the Defendants acted outside their jurisdiction or discretion. Therefore, all claims against Defendants in their personal capacities are dismissed.

All claims against the judges and clerks must also be dismissed because those defendants enjoy absolute immunity from acts arising out of their official duties. *See Sibley v. U.S. Supreme Court*, 2011 WL 1983343, at *3-4 (D.D.C. 2011). Even if not, this Court lacks subject matter jurisdiction to review the decisions of the Supreme Court, which Plaintiff asks this Court to do. *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992). "It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980). As such, this Court has no subject matter jurisdiction over Defendants Roberts, Kennedy, Suter and Atkins.

Similarly, in order to grant the relief sought against Settle and Rifkin, this Court would be called upon to review and pass on the decisions of its sister court in the Western District of Washington. A federal district court, however, lacks subject matter jurisdiction to review the decisions of another federal district court. *See* 28 U.S.C. § 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F.Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995).

Finally, any claims against Reed and McKenna in their official capacities must be dismissed. A suit against a state official in his official capacity is deemed a suit against the state.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Eleventh Amendment immunizes a state from suit in federal court, unless immunity is waived.[1] *See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666, 675-76 (1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327-28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction." *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations and quotation marks omitted). Plaintiff has not alleged, and the complaint does not reveal, any facts or other basis from which the Court may find a waiver of Washington state's immunity, which extends to its agents sued in their official capacity.

For the foregoing reasons, Plaintiff's Complaint is dismissed and his pending motions are denied as moot. An Order accompanies this Memorandum.

Date: July 26, 2011                                                     /s/
                                                              ROBERT L. WILKINS
                                                              United States District Judge

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. It is long established that this amendment applies equally to suits brought by citizens against their own states. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).